UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CALEB LEBLANC                              DOCKET NO. 6:10-cv-01677

VERSUS                                     JUDGE DOHERTY

MICHAEL J. ASTRUE,                         MAGISTRATE JUDGE HANNA
COMMISSIONER OF
SOCIAL SECURITY

## REPORT AND RECOMMENDATION

Before the court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be affirmed.

### BACKGROUND

Caleb LeBlanc received Supplemental Security Income benefits based on disability when he was a child. When he reached the age of eighteen on February 17, 2009, however, a state agency Disability Hearing Officer determined that he was no longer disabled,[1] and his benefits were terminated.[2] Mr. LeBlanc requested a hearing

---

[1]     Rec. Doc. 7-1 at 48.

[2]     Rec. Doc. 7-1 at 46.

before an Administrative Law Judge.[3]  A hearing was held before ALJ Kim Fields on April 8, 2010.[4]  At the hearing, the claimant waived representation by his attorney.[5] On appeal, however, the claimant is again represented by counsel.[6]

Mr. LeBlanc was born on April 18, 1990.[7]  He was a few days shy of his twentieth birthday when the hearing was held, and he is now twenty-one.  At the time of the hearing, Mr. LeBlanc was attending New Iberia High School, attempting to earn an alternative diploma through the Skills Options / GED Program.[8]  He had never held a job.

A psychological evaluation was conducted by Sandra B. Durbin, Ph.D., on February 5, 2009.  At that time, Mr. LeBlanc was not taking any medications, having stopped taking the medicine prescribed for his attention deficit hyperactivity disorder ("ADHD") at age fifteen.  Dr. Durbin found that he was moderately impulsive, had signs of untreated ADHD, and was socially immature.  She administered the WAIS-III test, which indicated that his intellectual functioning is at the borderline level.  Dr.

---

[3]     Rec. Doc. 7-1 a 11.

[4]     The hearing transcript is included in the record at Rec. Doc. 7-3 at 30-43.

[5]     Rec. Doc. 7-3 at 32.

[6]     See Rec. Doc. 1; Rec. Doc. 9.

[7]     Rec. Doc. 33.

[8]     Rec. Doc. 7-2 at 44, 57, 73.

Durbin also found that "his academic achievement is actually below what would be predicted by" his scores on the WAIS-III.  She stated that it "appears he has a learning disorder."  She advised that he "needs structure and medication."  However, she also found that his "ability to understand, remember and carry out simple instructions is good."

By the time of the hearing, Mr. LeBlanc was again taking medication, having been prescribed Risperdal for mood swings by Dr. Richard at Iberia Comprehensive Community Health Center.  However, the medical records contained in the record cover only the time period from 2006 to 2008.[9]  Mr. LeBlanc's medical records indicate that he was tested for allergies on September 21, 2006.[10]  An "Individualized Health Assessment" contained in his school records indicates that he is allergic to penicillin, ilosone (another antibiotic[11]), and fire ants.

Following the hearing, the ALJ rendered an unfavorable decision, finding that Mr. LeBlanc is capable of performing a full range of work at all exertional levels so long as he is limited to performing simple, repetitive work.[12]  A request for review

---

[9]      Rec. Doc. 7-2 at 46-56.

[10]      Rec. Doc. 7-2 at 48.

[11]      http://drugspedia.net/prep/35049.html.

[12]      Rec. Doc. 7-1 at 21.

was made to the appeals council, but the appeals council denied the request.[13]  This

lawsuit was then filed on November 3, 2010.[14]


## ASSIGNMENT OF ERRORS

Mr. LeBlanc contends that the Commissioner's decision is erroneous because

the ALJ's hypothetical questions to the vocational expert at the hearing did not take

into consideration the effect that Mr. LeBlanc's allergies might have on his ability to

work.


## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining

whether the decision was supported by substantial evidence and whether the proper

legal standards were applied in reaching the decision.[15]  If the Commissioner's

findings are supported by substantial evidence, they must be affirmed.[16]  Substantial

---

[13]     Rec. Doc. 7-1 at 8.

[14]     Rec. Doc. 1.

[15]     *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001); *Harris v. Apfel*, 209 F.3d 413, 417
(5th Cir. 2000).

[16]     *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

evidence is more than a mere scintilla and less than a preponderance.[17]  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.[18]   Finding substantial evidence requires scrutiny of the entire record as a whole.[19]  In applying this standard, the court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.[20]

## DISCUSSION

A claimant seeking Social Security benefits bears the burden of proving that he or she is disabled.[21]  Disability is defined in the Social Security regulations as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

---

[17]     *Boyd v. Apfel,* 239 F.3d at 704; *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

[18]     *Boyd v. Apfel,* 239 F.3d at 704.

[19]     *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

[20]     *Boyd v. Apfel,* 239 F.3d at 704; *Carey v. Apfel*, 230 F.3d at 135.

[21]     *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005); *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992); *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987).

12 months."[22]  Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit.[23]

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled:

1.    An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2.    An individual who does not have a severe impairment will not be found disabled.

3.    An individual who meets or equals an impairment listed in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1 will be considered disabled without consideration of vocational factors.

4.    If an individual is capable of performing the work he has done in the past, a finding of not disabled must be made.

5.    If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and

---

[22]    42 U.S.C. § 423(d)(1)(A).

[23]    20 C.F.R. § 404.1572(a)-(b).

residual functional capacity must be considered to determine if the claimant can perform any other work.[24]

Before going from step three to step four, the Commissioner assesses the claimant's residual functional capacity[25] by determining the most the claimant can still do despite his physical and mental limitations based on all relevant evidence in the claimant's record.[26]  The claimant's residual functional capacity is used at the fourth step to determine if the claimant can still do his past relevant work, and is used at the fifth step to determine whether the claimant can adjust to any other type of work.[27]

The claimant bears the burden of proof on the first four steps.[28]  At the fifth step, however, the Commissioner bears the burden of showing that the claimant can perform other substantial work in the national economy.[29]  This burden may be satisfied by reference to the Medical-Vocational Guidelines of the regulations, by

---

[24]    *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991), summarizing 20 C.F.R. § 404.1520(b)-(f).  See, also, *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d 267, 271-72 (5th Cir. 2002); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

[25]    20 C.F.R. § 404.1520(a)(4).

[26]    20 C.F.R. § 404.1545(a)(1).

[27]    20 C.F.R. § 404.1520(e).

[28]    *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

[29]    *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

expert vocational testimony, or by other similar evidence.[30]  If the Commissioner makes the necessary showing at step five, the burden shifts back to the claimant to rebut this finding.[31]  If the Commissioner determines that the claimant is disabled or not disabled at any step, the analysis ends.[32]

In this case, the Commissioner found, at step one, that Mr. LeBlanc has no relevant past work.  At step two, the Commissioner found that Mr. LeBlanc has the following severe impairments:  untreated ADHD, a learning disorder, and borderline intellectual functioning.  At step three, the Commissioner found that Mr. LeBlanc does not have an impairment or combination of impairments that meets or medically equals a listed impairment.  The Commissioner then evaluated Mr. LeBlanc's residual functional capacity and found that he was able to perform a full range of work at all exertional levels but, because of nonexertional limitations, is able to perform only simple repetitive work.  Because Mr. LeBlanc has never worked, the Commissioner then evaluated whether jobs exist in significant numbers in the national economy that

---

[30]     *Fraga v. Bowen*, 810 F.2d at 1304.

[31]     *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

[32]     *Anthony v. Sullivan*, 954 F.2d at 293, citing *Johnson v. Bowen*, 851 F.2d 748, 751 (5th Cir. 1988).  See, also, 20 C.F.R. § 404.1520(a)(4).

Mr. LeBlanc can perform.   The Commissioner found that such jobs do exist; consequently, the Commissioner found that Mr. LeBlanc is not disabled.

In making the determination at step five that there are jobs Mr. LeBlanc can perform, the ALJ relied upon testimony at the hearing by a vocational expert, Thomas M. LaFosse.   More particularly, the ALJ asked Mr. LaFosse the following hypothetical question:  "assuming . . . a claimant 19 years of age, with 9 years of education, no exertional limitation, and limited to simple, routine, repetitive tasks, are there jobs in the national economy he could perform?"[33]   Mr. LaFosse answered, "Yes, sir."[34]   He then listed the following as examples of the available jobs in Louisiana:  vehicle cleaner, freight and stock handler, and packer or hand packager.[35]

Mr. LeBlanc contends that the ALJ erred in not including a reference to his allergies in the hypothetical question, arguing that his allergy to fire ants precludes him from working outdoors.   The Fifth Circuit has held that an ALJ need only incorporate into the hypothetical questions posed to a vocational expert those claimed disabilities that are supported by the evidence and recognized by the ALJ.[36]   In this

---

[33]       Rec. Doc. 7-3 at 39.

[34]       Rec. Doc. 7-3 at 39.

[35]       Rec. Doc. 7-3 at 39.

[36]       *Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).

-9-

case, there is no medical evidence supporting Mr. LeBlanc's contention that his work must be limited so that he can avoid fire ants.  The record contains no medical evidence attesting to the severity of his allergies or suggesting that he cannot work or perform certain types of work because of his allergies.  The jobs suggested by Mr. LaFosse do not necessarily have to be performed outdoors.  In fact, it is likely that all three would be performed in a fire-ant-free environment.

Furthermore, Mr. LeBlanc's grandmother testified at the hearing that he cuts her grass for her.[37]  Thus, Mr. LeBlanc's family does not share his concern about outdoor work.  To the contrary, his grandmother's testimony supports the conclusion that his allergy does not preclude him from performing outdoor work even in an area where fire ants might be anticipated.

Finally, a medical expert, Dr. Jimmie Cole, reviewed Mr. LeBlanc's medical records and testified at the hearing.  Dr. Cole recommended that Mr. LeBlanc be limited to performing simple, repetitive type tasks but he assigned no limitations based on Mr. LeBlanc's allergies.[38]

Based on this testimony, the ALJ was not obligated to consider Mr. LeBlanc's allergies in determining his residual functional capacity, and the hypothetical question

---

[37]	Rec. Doc. 7-3 at 42.

[38]	Rec. Doc. 7-3 at 38.

posed to the vocational expert was not inadequate or improper.  The proper legal

standards were applied, and substantial evidence supports the ALJ's decision that Mr.

LeBlanc is not disabled within the meaning of the Social Security Act.  Accordingly,

the undersigned finds that Mr. LeBlanc's claims of error lack merit and recommends

that the Commissioner's decision be affirmed.

### CONCLUSION AND RECOMMENDATION

For the reasons explained above,

**IT IS THE RECOMMENDATION** of the undersigned that the decision of

the Commissioner be AFFIRMED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P.

72(b), parties aggrieved by this recommendation have fourteen days from receipt of

this report and recommendation to file specific, written objections with the Clerk of

Court.  A party may respond to another party's objections within fourteen days after

receipt of a copy of any objections or responses to the district judge at the time of

filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of receipt, or within the time frame authorized by

-11-

Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

 Signed in Lafayette, Louisiana, this 9th day of January, 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)